(116 App. Div. 894)

DEVLIN v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, Second Department. January 31, 1907.)

1. TRIAL—COURSE AND CONDUCT OF—REMARKS OF JUDGE.
    Where plaintiff's physician, on cross-examination in a personal injury case, said that he hoped plaintiff would in time be able to walk without a cane, a remark of the judge: "You expect what is probable. Your hope may be very improbable"—was not error, on the ground that it showed bias for plaintiff.

2. SAME—INSTRUCTIONS INVADING PROVINCE OF JURY.
    Where plaintiff was injured in attempting to get on a street car, and the evidence was conflicting as to whether or not the car was moving, and, if so, whether slowly or at the rate of three or four miles an hour, it was error for the court to instruct that the jury must either find that the car was not moving or was moving at the rate of three or four miles an hour.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 613–623.]

Appeal from Trial Term, Richmond County.
Action by Edward E. Devlin against the New York City Railway Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAY-NOR, JJ.

John V. Bouvier, Jr., for appellant.

George M. Pinney, Jr., for respondent.

GAYNOR, J.  The plaintiff's doctor who testified to his injuries was brought to say on cross-examination by leading questions that he hoped the plaintiff would in time be able to walk without a cane.  The trial judge said: "You expect what is probable; your hope may be very improbable."  The defendant's counsel said he excepted to the remark.  Counsel for the appellant styles this remark of the court "the active patronage of the court" to the plaintiff's side.  This is improper.  He refers to no other incident of the trial to justify it, and there was none.  A trial judge is not reduced to such constraint that he may not make remarks on occurrences of the trial, and in this case the remark was wise, appropriate and instructive.  Even in the worst case we habitually hope for the best, but that is very different to expecting it; we expect what is probable.  The exception should never have been taken.  Due respect should always be shown to trial judges, and carping exceptions to harmless pleasantries or wholesome remarks by them are not consistent therewith.  To use such exceptions as a cover for disrespect would not shield the offender.

The exception to the charge is good.  The plaintiff and his witnesses testified that the car had stopped and that as he was getting on it started and threw him off.  Four witnesses for the defendant testified that it was going about three or four and one about four or five miles an hour; another that he thought the car was moving, and another that it was going very slowly.  At the request of the defendant's counsel the trial judge charged that if the car was moving when the plaintiff attempted to get on he could not recover; but he added that they must not find it was moving unless they found that it was moving three or four miles an hour; that there was "no middle ground"; that it was either standing still, "as the plaintiff's witnesses say," or moving three to four miles an hour, "as the defendant's witnesses say."  Now as the car had stopped at the first crossing of a street that had a car line on it, and the accident happened just after it passed over the opposite crossing, the jury might well have hesitated to find that it had got going three or four miles an hour when the plaintiff tried to get on, while it would have been willing to find that it was moving very slowly, or one mile an hour, for instance, which would require them to render a verdict for the defendant.  But the learned trial judge would not permit that finding; if they could not find that the car was moving three or four miles an hour he would not allow them to find it was moving at all.  This was prejudicial error.

The judgment should be reversed.

Judgment and order reversed, and new trial granted; cost to abide the event.  All concur; HOOKER, J., in result.