## (December 18, 1969)

■  GENERAL FIRE AND CASUALTY COMPANY, Respondent, v. MACKPAT CORP. et al., Appellants.— Judgment entered February 4, 1969, on a verdict directed by the court in favor of the defendants, after a jury trial, unanimously reversed on the law and the facts and in the interests of justice, and a new trial ordered, with costs to abide the event. In this action by an insurance company for the recovery of premiums, the defense was payment. It was the position of the defendants that an arrangement and practice obtained between the defendants and its insurance broker whereby the money settlement of insurance claims would be credited to the account of the defendants by the broker; and that this was in accord with section 121 of the Insurance Law, the statute stating a broker receiving premium payments is deemed to have received the amounts as the insurer's agent and " on its behalf." That the position of the defendants was well taken, if susceptible of proof, there can be no doubt. (See, *Bohlinger* v. *Zanger*, 306 N. Y. 228, particularly the dissenting opinion of then Judge [now Chief Judge] FULD at pages 235–237.) The point was particularly apt in this case since the defendants had no direct dealings with plaintiff and the broker concededly ordered the policies initially, and they were sent to the broker as agent of the defendants. Further, it was the practice for the insurer to send bills directly to the broker, and at the trial, the defendants presented various checks and credit memoranda, prima facie evidencing a course of conduct between the parties whereby credits due the defendants on settlement claims were accorded the defendants by the broker so as to represent payment of premiums due the plaintiff. These proffered exhibits were at first rejected by the court, then accepted, and finally rejected. We believe the court was in error in ruling as a matter of law that payment by way of credit was unacceptable within the meaning of section 121 of the Insurance Law. The defendants should have been allowed an opportunity to establish this defense, and the

president of the defendant corporation should not have been precluded by the court from testifying fully that such a practice obtained. If this were the only error, we believe, on the record before us, we could modify and fashion at least a partial dispositive provision. However, unfortunately, the conduct of the trial by the Trial Judge herein was such that we find a clear violation of the standards set forth in *Buckley* v. *2570 Broadway Corp.* (12 A D 2d 473) wherein it was said: " The Trial Judge should, however, at all times maintain an impartial attitude and exercise a high degree of patience and forbearance." (See, also, *Kamen Soap Prods. Co.* v. *Prusansky & Prusansky*, 11 A D 2d 676; *Levy* v. *Reilly*, 18 A D 2d 632; *Salzano* v. *City of New York*, 22 A D 2d 656; *Habenicht* v. *R.K.O. Theatres*, 23 A D 2d 378.) In the haste, pressure and hurly-burly of a " block-buster " part, we realize this may be a counsel of perfection. Nor would we constrain a Trial Judge from making observations on occurrences during a trial, or even harmless pleasantries (*Devlin* v. *New York City Ry. Co.*, 116 App. Div. 894). However, in this case, even though the issue ultimately did not go to the jury, the frustration of the presentation of defendant's evidence was such, that even if the trial had resulted in a verdict, we would have been constrained to reverse on the ground that defendant had been deprived of a fair and an impartial trial. Regrettably a new trial is in order. Concur — Capozzoli, J. P., Tilzer, McGivern, Markewich and Nunez, JJ.